**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AARON RAISER,

      Plaintiff-Appellant,

v.

BRIGHAM YOUNG UNIVERSITY,

      Defendant-Appellee.

No. 08-4027
(D.C. No. 2:02-CV-00975-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

---

Plaintiff-Appellant Aaron Raiser appeals from the district court's dismissal

of this action under Rule 41(b) of the Federal Rules of Civil Procedure as a

sanction for his refusal to comply with court orders.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

Raiser filed this lawsuit against Brigham Young University ("BYU") in 2002, alleging BYU's campus police illegally detained him on several occasions and the school newspaper published false information about him, depriving him of various constitutional rights in violation of 42 U.S.C. § 1983. After an initial flurry of discovery and other non-substantive motions, the case sat idle for some time until an initial pre-trial conference was set in December 2006.

Before the conference, the court issued a Notice Reminder to the parties, which specifically ordered them to appear in person and stated telephonic appearances would not be permitted. Nonetheless, three days before the scheduled conference, Raiser filed a notice stating he would appear by phone. When the conference convened, however, he appeared neither in person nor telephonically, which prompted BYU to move for sanctions. On April 23, 2007, the district court denied BYU's motion, holding Raiser's failure to appear at one pre-trial conference was not sufficient to justify dismissal. But the court warned Raiser he was on "thin ice" and very close to having "his case dismissed with prejudice for failure to prosecute and failure to follow court orders and rules." R. Vol. V., doc. 145 at 10. In the same order, the court specifically ordered Raiser to personally appear in Utah for every deposition noticed in the case: "FAILURE TO APPEAR IN PERSON FOR ANY DEPOSITION IS GROUND FOR

DISMISSAL OF THE CASE WITH PREJUDICE WITHOUT FURTHER

NOTICE." *Id.* at 12.

In June 2007, after clearing the date with Raiser, BYU noticed his deposition for August 24 at its attorneys' offices in Salt Lake City. In response, Raiser filed two motions for a protective order seeking to change the location of his deposition to "neutral" territory. While he did not object to appearing in Utah generally, he did object to appearing at the offices of BYU's counsel. In short, he argued he simply could not bring himself to go onto the private property of BYU's counsel because the University's past treatment of him was so traumatizing. The district court found no foundation for Raiser's alleged fear of BYU's counsel. Accordingly, it denied his motion and ordered the deposition to proceed as noticed.

On August 19, 2007, by email Raiser informed BYU's counsel he would not appear for his deposition, but he would agree to dismiss the case provided he be allowed to draft the dismissal documents. In its response the next day, BYU agreed to a voluntary dismissal, but not to Raiser drafting the documents. Accordingly, it drafted the dismissal documents and attached them to its email for Raiser's approval, specifying that if his approval was not received by 3:00 pm on August 23, BYU would have no choice but to convene his deposition. Raiser did not submit his approval so BYU convened his deposition on August 24, as promised. When Raiser failed to appear, BYU filed its motion to dismiss and for

attorneys' fees, which the district court granted on October 29, 2007. Raiser then filed a "Motion to Reconsider," which the court denied on January 15, 2008.

*Discussion*

We review a district court's decision to dismiss an action as a sanction under Rule 41(b) for abuse of discretion. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances." *Id.* (quotation omitted). More specifically for purposes of this case, we have held a district court abuses its discretion if it dismisses an action under Rule 41(b) without considering the following factors: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

There was no abuse of discretion here. To the contrary, the record reveals a careful consideration of each of the above factors leading to the district court's ultimate conclusion that Raiser's repeated non-compliance warranted the harshest of sanctions. Furthermore, we conclude the district court acted well within its discretion in ordering Raiser to pay the modest amount in attorneys' fees incurred by BYU in convening his deposition and drafting the motion for sanctions. The

district court's judgment is therefore AFFIRMED.  Raiser's arguments concerning the district court's tailoring of his complaint are mooted by this disposition, and all pending motions are DENIED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge